IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:02CR260 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| RUSTY LEISURE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 131) and the motion for leave to proceed in forma pauperis (Filing No. 132), filed by the defendant, Rusty Leisure.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Leisure was found guilty after a jury trial of three of four counts of the Indictment charging him with: conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of cocaine (Count I); possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count II); and criminal forfeiture (Count IV). The jury acquitted Leisure of possession with intent to distribute a mixture or substance

containing a detectable amount of cocaine (Count III).  (Filing No. 37.)  Leisure filed a direct appeal, and the Eighth Circuit affirmed his conviction and sentence.  (Filing No. 108.)

In his § 2255 motion, Leisure alleges ineffective assistance of trial counsel.  In particular, Leisure alleges that his attorney failed to: object to evidence relating to evidence that related to a gun enhancement pursuant to U.S.S.G. § 2D1.1(b)(1); call witnesses, including Trina Mahr; and properly object to items in the PSR, including enhancements, or file pretrial motions.  Leisure also alleges that he was denied his right to appeal.  (Filing No. 131.)

Leisure's direct appeal was timely filed, and therefore his fourth claim alleging the denial of his right to appeal is denied.

The United States shall respond to the Defendant's claims (1) through (3) by filing an Answer.  In addition to any other issues raised in the Answer, the United States shall address whether the defendant's § 2255 claim is barred by procedural default, waiver, or untimeliness.

Regarding Leisure's motion to proceed in forma pauperis, he has been represented by appointed counsel, and his trust account statement (Filing No. 133) supports his request.  He will be allowed to proceed in forma pauperis.

IT IS ORDERED:

1.  The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 131);

2.  Upon initial review, the Court finds that summary dismissal of the Defendant's § 2255 motion is not required;

3. On or before January 18, 2007, the United States shall file an Answer to claims (1) through (3) of the Defendant's § 2255 motion and support its Answer with a brief;

4. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 132) is granted;

5. On or before February 19, 2007, the Defendant may file a responsive brief; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 20th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge