IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR260 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| RUSTY LEISURE, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by the Defendant, Rusty Leisure. (Filing No. 131.)

**FACTUAL BACKGROUND**

After a jury trial, Leisure was found guilty of three of four counts charged in the Indictment: conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I); possession with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine (Count II); and criminal forfeiture (Count IV). (Filing Nos. 37, 38.) The jury acquitted Leisure of possession with intent to distribute a mixture or substance containing a detectable amount of cocaine (Count III). (Filing No. 37.) Leisure filed a direct appeal, and the Eighth Circuit affirmed his conviction and sentence. (Filing No. 108.)

In his § 2255 motion, Leisure alleges ineffective assistance of trial counsel. In particular, Leisure alleges in claims (1) through (3) that his attorney failed to: object to evidence relating to evidence that related to a gun enhancement pursuant to U.S.S.G. § 2D1.1(b)(1); call witnesses, including Trina Mahr; and file pretrial motions, file "proper objections," or properly object to items in the PSR, including enhancements. Leisure also

alleges in claim (4) that he was denied his right to appeal. (Filing No. 131.) On initial review, this Court denied Leisure's fourth claim and ordered the United States to respond to claims (1) through (3) by filing an answer. After considering the parties' submissions, for the reasons discussed below the Court dismisses all of Leisure's claims.

## DISCUSSION

Leisure argues in claims (1) through (3) that he received ineffective assistance of counsel. Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, Leisure has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence"; and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). Moreover, Leisure must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Leisure argues that he received ineffective assistance of counsel because his counsel failed to object properly. Specifically Leisure argues that his attorney was ineffective for failing to object to: "the guns when they were introduced," the judge's response to the jury's request to review Leisure's trial testimony, hearsay evidence presented throughout trial, and for failing to make a timely *Bell* objection. (Filing Nos. 131, 140.)

2

**Claim One - Various Objections**

Leisure's first claim of ineffective assistance of counsel is without merit. With respect to Leisure's challenges to hearsay evidence, Leisure fails to identify what improper hearsay evidence was admitted, and at what point his defense counsel failed to object. Further, defense counsel's determination concerning whether to object to witness testimony, whether to object to the court's response to a jury question, and defense counsel's handling of the issue of the firearms at trial[1] are all instances of trial strategy. The Eighth Circuit has "'repeatedly warned against second guessing a lawyer's trial strategy in evaluating claims of ineffective assistance of counsel.'" *Huls v. Lockhart*, 958 F.2d 212, 215 (8th Cir. 1992) (quoting *Johnson v. Lockhart,* 921 F.2d 796, 799 (8th Cir. 1990)). The Supreme Court also explained:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

*Strickland*, 466 U.S. at 689.

The Court went on to state that "[r]epresentation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id.* at 693. Therefore, because the Court concludes that Leisure's counsel zealously represented his interests, counsel's performance certainly did not fall below the minimum standards of professional competence.

---

[1] Defense counsel did object at the introduction of the firearm, and his objections were denied. (Filing No. 67 (Trial Transcript), at 70-71.)

Leisure's final challenge, that his attorney's performance was ineffective because he failed to make a timely *Bell* objection at trial, fails because Leisure cannot establish that he was prejudiced by his attorney's actions. This issue was addressed in Leisure's direct appeal to the Eighth Circuit. The Eighth Circuit acknowledged that Leisure's *Bell* objection was waived, but reasoned that even if the objection were not waived it would lack merit. (Filing No. 108.) Accordingly, based on this record, Leisure's first claim of ineffective assistance of counsel is denied.

**Claim Two - Failure to Call Witnesses**

Next, Leisure argues that his counsel was ineffective for failing "to call witnesses that could have told the actual truth about matters." Specifically, Leisure challenges defense counsel's decision not to call Trina Mahr and argues that his counsel did not call Mahr due to a conflict of interest.

Leisure's second claim of ineffective assistance of counsel also fails. Defense counsel's decision to call a particular witness at trial is a matter of trial strategy. Indeed, the Eighth Circuit has explained that the decision not to call a witness is a "'virtually unchallengeable'" decision of trial strategy. *United States v. Staples*, 410 F. 3d 484, 488 (8th Cir. 2005) (quoting *United States v. Davidson,* 122 F.3d 531, 538 (8th Cir. 1997)). Finally, the Court notes that Leisure's counsel called other witnesses at trial, including Leisure himself. The decision not to call additional witnesses was not ineffective.

Leisure further argues that his defense counsel failed to call Mahr to testify because of a conflict of interest. The Sixth Amendment right to counsel embraces the right to representation that is free from conflicts of interest or divided loyalties. *See, e.g., Dawan v. Lockhart*, 31 F.3d 718, 720-21 (8th Cir. 1994). In order to establish a constitutional

violation due to conflict of interest, a defendant must demonstrate that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Until a defendant shows that counsel "actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.* at 350. A potential conflict of interest may, however, form the basis of an ineffective assistance of counsel claim under the two-pronged test of *Strickland*, 466 U.S. 668. *Pool v. Armontrout*, 852 F.2d 372, 375 (8th Cir. 1988) (stating that "[a]bsent an actual conflict of interest, [defendant] must establish that his counsel was ineffective under the two-pronged Strickland test."). A defendant asserting a *Strickland* claim of ineffective assistance of counsel due to a potential conflict would receive relief only "by showing both that (1) his attorney had a potential conflict of interest and (2) the potential conflict prejudiced his defense." *Stoia v. United States*, 22 F.3d 766, 770 (7th Cir. 1994) (emphasis deleted).

Leisure's only basis for believing that his counsel did not call Mahr to testify due to a conflict of interest is that defense counsel represented Mahr in the past. Counsel's past representation of Mahr, however, does not establish a conflict of interest. Furthermore, Leisure failed to establish any potential conflict of interest or prejudice based on his attorney's representation of Mahr. Defense counsel's affidavit submitted in support of the government's objection to Leisure's motion states that Leisure never asked him to call Mahr to testify. Finally, Leisure failed to establish how Mahr's testimony would have altered the outcome of his case. Therefore, Leisure has failed to establish that his attorney did not call Mahr to testify based on a conflict of interest or a potential conflict of interest, and his second claim of ineffective assistance of counsel is denied.

**Claim Three - Failure to Object to Enhancements**

Finally, Leisure argues that his counsel failed to object to the enhancements in the Presentence Investigation Report (PSR). Leisure states that he sent his attorney a letter instructing him to object to all enhancements not proven to a jury. The government argues that there were no meritorious objections to be made and that defense counsel contends that Leisure did not raise any specific objections to the report. In fact, defense counsel did initially raise objections by submitting them to the probation officer, and those objections addressed in part the following enhancements: a 2-level enhancement in ¶ 34 of the PSR pursuant to U.S.S.G. § 3B1.4 for engaging a minor to avoid detection or apprehension; and a 2-level enhancement in ¶ 37 of the PSR for obstruction of justice pursuant to U.S.S.G. § 3C1.1 application notes 4(b) and (e).  (Filing No. 59, Addendum.)  The objections, although not pursued further by objecting to the final PSR, were nevertheless considered by the Court and denied. (Filing No. 55.)

In this case, the applicable guideline range was 360 months to life imprisonment. The Court imposed a 360-month sentence, at the lowest end of the guideline range. Defense counsel did object to two enhancements in the PSR. Finally, to the extent that Leisure raises a *United States v. Booker*, 543 U.S. 220 (2005) argument, the Eighth Circuit reviewed Leisure's case in light of *Booker* and affirmed the judgment of the district court. (Filing No. 108.)

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 131) is denied;

2. A separate Judgment will be entered; and

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 10th day of May, 2007.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge