# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>RUSTY LEISURE,<br><br>                Defendant. | 8:02CR260<br><br>MEMORANDUM AND ORDER |

The matter before the Court is a letter submitted by Defendant, Rusty Leisure, on March 3, 2017, which he asks the Court to construe as a motion pursuant to 28 U.S.C. § 2255. The Defendant filed two prior motions pursuant to 28 U.S.C. § 2255, and he has not demonstrated compliance with 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) regarding certification by a panel of the appropriate court of appeals for the filing of a successive motion.

Nonetheless, the Court will provide a summary of the proceedings and the merits of the Defendant's claims, in response to his letter, before ordering the letter stricken pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A).

On February 4, 2003, following a jury trial, the Defendant was found guilty of the offenses of Conspiracy with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, (Count I), and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), (Count II). The Defendant was sentenced to a term of 360 months incarceration on both counts, grouped, to be followed by a term of ten years supervised release on Count I and six years on Count II, to be served concurrently. The Defendant appealed his conviction and sentence. The conviction

and sentence were affirmed on appeal. Defendant filed his first § 2255 motion on November 3, 2006, and the motion was denied on May 10, 2007. The Defendant filed his second § 2255 motion on October 29, 2015, and the Federal Public Defender was appointed to review the merits of the motion. After reviewing the merits, the Federal Public Defender moved to withdraw, and the Court denied the second § 2255 motion on February 23, 2016.

In the pending § 2255 Motion—the Defendant's third—he asserts that his sentence should be vacated pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and that his counsel was ineffective for failing to challenge the sentencing enhancement that the Defendant received under Chapter Four of the United States Sentencing Guidelines.

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review . . . ." 136 S. Ct. at 1268.

In *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), the Supreme Court held that the United States Sentencing Guidelines ("USSG"), including the residual clause of USSG § 4B1.2(a), which contained language identical to the residual clause in the ACCA[1], are not subject to vagueness challenges under the Due Process Clause.

---

[1] Before its amendment on November 1, 2016, USSG § 4B1.2 defined the term "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term

In light of the Supreme Court's decision in *Beckles,* the Defendant's argument lacks merit; and the letter filed by the Defendant as a § 2255 Motion will be deemed stricken pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A).  Accordingly,

IT IS ORDERED:

1. The letter submitted by Defendant Rusty Leisure, ECF No. 151, filed as a successive motion under 28 U.S.C. § 2255, is deemed stricken pursuant to 28 U.S.C. § 2255(h) and § 2244(b)(3)(A); and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 15th day of March, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  (Emphasis added to residual clause.)   The identical language is contained in the ACCA at 18 U.S.C. § 924(e)(2)(B)(ii).