IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>     v.<br><br>RUSTY LEISURE,<br><br>                   Defendant. | **8:02CR260**<br><br>**ORDER** |

       This matter is before the Court on defendant Rusty Leisure's ("Leisure") pro se Motion for Compassionate Release (Filing No. 153). Title 18, section 3582(c)(1)(A)(i) authorizes federal prisoners to move the Court to "reduce [their] term of imprisonment" for "extraordinary and compelling reasons." But a prisoner can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

       Leisure's motion says nothing about whether he has taken any steps to exhaust his administrative remedies or otherwise comply with § 3582(c)(1)(A)(i). Leisure's failure to show he has complied with § 3582(c)(1)(A)(i)'s statutory prerequisites to judicial review "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, Leisure's motion for compassionate release is denied without prejudice to refiling when he can show he has met either statutory requirement.

IT IS SO ORDERED.

Dated this 21st day of January 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge